MEMORANDUM **
Plaintiffs Majiman Hafiz and Asharfun Nisha Hafiz appeal the district court’s summary judgment in favor of defendant Metropolitan Life Insurance Company (MetLife). We affirm.
Under California law, “a material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy ab initio.” West Coast Life Ins. Co. v. Ward, 132 Cal. App.4th 181, 33 Cal.Rptr.3d 319, 323 (2005); see also Cal. Ins.Code § 331. Here, plaintiffs have failed to create a triable issue as to whether the insured, Ramdulari Sewak, misrepresented her property ownership, as reflected in her listed net worth and the stated purpose for the life insurance policies. They have provided no authority that misunderstandings based on cultural differences should negate those misrepresentations, nor have they shown that MetLife waived its right to the correct information. See Cal. Ins. Code § 336 (“The right to information of material facts may be waived, either (a) by the terms of insurance or (b) by neglect to make inquiries as to such facts, where they are distinctly implied in other facts of which information is communicated.”).
Plaintiffs have also failed to create a triable issue as to whether Sewak’s mis *673 representations were material. The declaration of MetLife’s underwriter was uncon-tradicted, see Wilson v. W. Nat’l Life Ins. Co., 235 Cal.App.3d 981, 995-96, 1 Cal. Rptr.2d 157 (1991), and plaintiffs do not challenge materiality on appeal. In any event, although the insurance application did not require applicants to list the relevant properties and mortgage amounts, it did request information about net worth and income. Thus, Sewak’s misstated net worth was material as a matter of' law. See Thompson v. Occidental Life Ins. Co. of Cal., 9 Cal.3d 904, 916, 109 Cal.Rptr. 473, 513 P.2d 353 (1973) (“The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.